IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| | CHAPTER 7 |
| GLENN PAUL HEYDT, | |
|     Debtor | |
| | CASE NO. 1:10-bk-00133MDF |
| DORIS HUSS, | |
|     Plaintiff | |
| | |
| v. | ADV. NO. 1:10-ap-00261MDF |
| | |
| GLENN PAUL HEYDT, | |
|     Defendant | |

## MEMORANDUM OPINION

Before me is the adversary complaint of Doris Huss ("Plaintiff") seeking to have the debt of Glenn Paul Heydt ("Defendant") determined to be excepted from discharge under 11 U.S.C. § 523(a)(2)(A). Plaintiff filed a pro se complaint on July 21, 2010 to which Defendant filed an answer on July 26, 2010. When both parties failed to appear at trial scheduled for December 2, 2010, the Court entered an order dismissing the adversary proceeding. It was later determined that the notice of the trial was never served on Plaintiff; therefore, the order dismissing the adversary complaint was vacated on October 3, 2011. Trial on the matter was held on March 8, 2012 at which Plaintiff appeared, but neither Defendant nor Defendant's counsel appeared. This matter is ready for decision.[1]

Plaintiff testified that Defendant was an acquaintance and that she had known him since the summer of 2005. Having been injured in an accident, Plaintiff was unable to continue to work

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A), (I) and (O). This Opinion constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure 7052.

as a truck driver and had decided to start a truck brokerage business. Defendant was a truck driver and proposed to go into the brokerage business with her. Plaintiff did not want a partner in the business and commenced the brokerage on her own in December 2006.

In March 2007, Defendant asked Plaintiff to loan him $6000 to assist him in getting caught up on his truck and mortgage payments. He represented on several occasions that he was about to lose his home and his truck unless he could make up the delinquent payments. Plaintiff was reluctant to loan Defendant the money since it would have to come from the operating funds of her business. Defendant represented to Plaintiff that he was expecting to receive funds from the settlement of a claim in three weeks and could repay her when those funds were received. Plaintiff asked how he would repay her if the settlement did not materialize. Defendant replied that he would "run freight" for her business.

Plaintiff took funds from the operation of her business and loaned the cash to Defendant to make payments on his house, on his truck and for "medical supplies." When the three weeks passed she demanded repayment of the $6000 loan, but he refused. Plaintiff later learned that Defendant did not receive a settlement on his purported claim. Plaintiff's business failed because she used funds from the business to loan to Defendant, which were not repaid.

Plaintiff filed a complaint with a magisterial district judge in Lebanon County. Before the complaint could be tried, Defendant filed a bankruptcy petition in the Eastern District of Pennsylvania. After Defendant's case was dismissed, judgment by default was entered against Defendant on the complaint. When no appeal was taken with the Court of Common Pleas of Lebanon County, Plaintiff pursued her rights in state court to collect on the judgment. Defendant then filed a second case in the Eastern District, which was dismissed on December 2, 2009. A

sheriff's sale was again set for January 11, 2010 at which time Defendant filed the instant petition.

Plaintiff has alleged that Defendant engaged in fraud to induce her to lend him $6000 and has requested that her claim in this amount be excepted from discharge because the debt arose from actual fraud as provided in 11 U.S.C. § 523(a)(2).

Section 523(a)(2)(A) provides that a debt is excepted from discharge if it is:

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –

> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . .

11 U.S.C. § 523(a)(2)(A). Fraud under § 523(a)(2)(A) is synonymous with fraud as defined in the Restatement (Second) of Torts. *Field v. Mans*, 516 U.S. 59, 70 (1995) *cited in Dostelaba v. Dart (In re Dart),* 371 B.R. 75, 78 (Bankr. M.D. Pa. 2006). The Restatement describes the elements required to establish a "fraudulent misrepresentation" as follows:

> One who fraudulently makes a representation of fact, opinion, intention or law for the purpose of inducing another to act or to refrain from action in reliance upon it, is subject to liability to the other in deceit for pecuniary loss caused to him by his justifiable reliance upon the misrepresentation.

*Restatement 2d Torts* § 525 (1977).

To succeed on a claim under § 523(a)(2)(A) a creditor must prove the following five common law elements of fraud: "(1) the debtor made a false representation; (2) the debtor knew the representation was false when it was made; (3) the debtor intended to deceive the creditor or to induce him to act upon the representation; (4) the creditor justifiably relied upon the representation; and (5) the creditor sustained a loss as a proximate result of the representation."

3

*The Bur-Cam Group, LLC v. Pearson (In re Pearson)*, 2010 WL 3956762, *2 (Bankr. M.D. Pa.) (citing *Rembert v. AT & T Universal Card Services, Inc. (In re Rembert),* 141 F.3d 277, 280-81 (6th Cir. 1998); *Fledderman v. Glunk (In re Glunk),* 343 B.R. 754, 759 (Bankr. E.D. Pa. 2006); *Shaw v. Santos (In re Santos),* 304 B.R. 639, 651 (Bankr. D. N.J. 2004); *Webber v. Giarratano (In re Giarratano),* 299 B.R. 328, 334 (Bankr. D. Del. 2003)).

In the within case, Defendant falsely represented that he was to receive a settlement on a claim in three weeks and would be able to repay the $6000 loan to Plaintiff. Defendant knew that it was not certain that he would receive the claim when the representation was made. Further, he made the representation regarding the purported claim to induce the Plaintiff to lend him the funds. Based upon the parties' relationship and Defendant's assurances that if the settlement were not forthcoming as promised he would provide trucking services to repay the loan, Plaintiff justifiably relied on Defendant's representations. When the loan was not repaid promptly, Plaintiff's business developed cash flow problems and eventually failed creating economic damage to Plaintiff.

Having determined that all of the elements of fraud have been proven in this case, the debt to Plaintiff in the amount of $6000 is excepted from discharge. An appropriate order follows.

**By the Court,**

_____
Mary D. France
Chief Bankruptcy Judge

Date: March 20, 2012